**Richard BEATY, Appellant**

v.

**Robert L. CRAWFORD, Lt., Correctional Physician Service and Jane Doe.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 13, 2011.

Decided June 10, 2011.

Richard Beaty, appellant, pro se.

Claudia M. Tesoro, Senior Deputy Attorney General, Philadelphia, for appellee Robert L. Crawford.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Richard Beaty appeals from the October 7, 2010, order of the Court of Common

Pleas of Montgomery County (trial court), which granted Beaty's motion for a determination of finality. The effect of this order was to make final the trial court's June 8, 2009, order granting summary judgment in favor of Lt. Robert L. Crawford, a corrections officer sued by Beaty for refusing to allow him to keep a medical appointment at the infirmary of Graterford State Correctional Institution (SCI–Graterford). We affirm.

On September 21, 1998, Beaty filed a complaint with the trial court, making the following allegations. On March 17, 1998, Beaty injured the little finger of his right hand while playing basketball in the fieldhouse at SCI–Graterford. On March 30, 1998, Beaty was examined by a physician, who ordered pain medication and an x-ray. Beaty's hand was x-rayed on April 2, 1998, and, on April 10, 1998, a doctor at the SCI–Graterford infirmary informed Beaty that a second opinion was needed.

On April 15, 1998, Beaty received a class I misconduct because a urine sample he submitted tested positive for drugs. Beaty had been given a pass to the infirmary for April 16 and 17 so that he could be examined by an orthopedist. However, Lt. Crawford issued orders that Beaty was not to be brought to the infirmary on those dates.[1]

On May 14, 1998, an orthopedist examined Beaty at Suburban General Hospital. The doctor told Beaty that, because of the delay between March 17 and May 14, nothing could be done for the finger, meaning that the finger would be deformed and disfigured for life.

In his complaint, Beaty asserted that Lt. Crawford was liable to Beaty for damages for pain and suffering because he refused to allow Beaty to use his medical passes and because he ordered his staff not to bring Beaty to his medical appointments. Lt. Crawford moved for summary judgment, arguing that he was entitled to sovereign immunity as a Commonwealth entity. Lt. Crawford stated that the medical professional liability exception to sovereign immunity, which is the only exception that could fit the allegations, did not apply because Lt. Crawford was not a physician, nurse or health care professional. After considering the matter, the trial court granted Lt. Crawford summary judgment.

Beaty filed an appeal with this court, which quashed the appeal because the trial court's order did not dismiss Beaty's claims against the remaining parties. On remand, Beaty filed a praecipe to discontinue his other claims and a motion for a determination of finality. The trial court granted Beaty's motion for a determination of finality, and Beaty filed another appeal with this court.

Beaty argues that the trial court erred in granting summary judgment to Lt. Crawford based on sovereign immunity. Beaty contends that Lt. Crawford is "related health care personnel" under section 8522(b)(2) of the act known as the Sovereign Immunity Act[2] because he is a "correction officer" under section 5102 of the State Employees' Retirement Code (Re-

---

1. Lt. Crawford would not allow Beaty to keep his doctor appointments because Beaty was "placed in lockdown" for forty-five days and was "in the hole" for twenty-three hours per day as a result of his "hot urine" sample. (Lt. Crawford's Motion, ¶¶ 17–18, 20, S.R.R. at 3b, Beaty's Response, ¶¶ 17–18, 20, S.R.R. at 7b.)

2. 42 Pa.C.S. § 8522(b)(2). Under section 8522(b)(2) of the Sovereign Immunity Act, sovereign immunity is waived for "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa.C.S. § 8522(b)(2).

tirement Code)[3] who is responsible for the "direct therapeutic treatment" of inmates.

However, Beaty did not raise this issue before the trial court. Indeed, the trial court pointed out that, in response to Lt. Crawford's motion for summary judgment, Beaty admitted that Lt. Crawford was not "related health care personnel" under section 8522(b)(2) of the Sovereign Immunity Act. (*See* Trial Ct. Op., 9/10/09, at 5; Lt. Crawford's Motion, ¶¶ 15, 29, 31–32, S.R.R. at 3b–4b, Beaty's Response, ¶¶ 15, 29, 31–32, S.R.R. at 6b–8b.) Thus, the issue is waived. *See* Pa. R.A.P. 302 (stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Accordingly, we affirm.

### *ORDER*

AND NOW, this 10th day of June, 2011, the order of the Court of Common Pleas of Montgomery County, dated October 7, 2010, making final the order dated June 8, 2010, is hereby affirmed.

---

3. 71 Pa.C.S. § 5102. Section 5102 of the Retirement Code defines a "correction officer" as follows:

Any full-time employee assigned to the Department of Corrections or the Department of Public Welfare whose principal duty is the care, custody and control of inmates or direct therapeutic treatment, care, custody and control of inmates of a penal or correctional institution, community treatment center, forensic unit in a State hospital or secure unit of a youth development center operated by the Department of Corrections or by the Department of Public Welfare.